Form as of October 30, 2017

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

ALEXANDRE THEVENET

                            Plaintiff(s),

  -against-

BARON FRANCOIS LIMITED, FREDERIC GOOSSENS AND DENIS LESGOURGUES

                            Defendant(s).

CIV. NO. 25-cv-02790

**Joint Electronic Discovery Submission No. 1 and Order**

---

One or more of the parties to this litigation have indicated they believe that relevant information may exist or be stored in electronic format, and that this content is potentially responsive to current or anticipated discovery requests. This Joint Submission and [Proposed] Order (and any subsequent ones) shall be the governing document(s) by which the parties and the Court manage the electronic discovery process in this action. The parties and the Court recognize that this Joint Submission and [Proposed] Order is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this submission may become necessary as more information becomes known to the parties.

1.  **Brief Joint Statement Describing the Action, [e.g., "Putative securities class action pertaining to the restatement of earnings for the period May 1, 2017 to May 30, 2017"]:**

    Employment action for unlawful retaliation under Title VII and the New York State and City Human Rights Laws

    a.  **Estimated amount of Plaintiff(s)' Claims:**

        ☒ Monetary (absolute number or range):$ $1mm+
        ☒ Equitable Relief (if so, specify) injunction, reinstatement
        ☒ Other (if so, specify) declaratory judgment

    b.  **Estimated amount of Defendant(s)' Counterclaim/Cross-Claims:**

        ☐ Monetary (absolute number or range):$
        ☐ Equitable Relief (if so, specify)
        ☐ Other (if so, specify)

2.  **Competence.** Counsel certify that they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

3.  **Meet and Confer.** Pursuant to Fed. R. Civ. P. 26(f), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference. Counsel certify that they have met and conferred to discuss these issues.

    Date(s) of parties' meet-and-confer conference(s):

    July 24, 2025

4. **Unresolved Issues**: The following issues concerning discovery of electronic information remain outstanding and/or require court intervention (check all that apply):

☐ Preservation
☐ Search and Review
☐ Sources of Production
☐ Forms of Production
☐ Identification or Logging of Privileged Material
☐ Inadvertent Production of Privileged Material
☐ Cost Allocation
☐ Other (specify): _____

5. **Preservation.**

   a. The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to: retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which data is maintained; identification of computer system(s); and identification of the individual(s) responsible for data preservation, etc. To the extent the parties have reached agreement as to preservation of electronic information, provide details below:

   The parties will preserve all documents that may be relevant to this matter, including by holding in abeyance any existing document retention and/or destruction policies or practices and preserving Company-issued hard drives and/or backup storage used by any of the individuals identified in the parties' initial disclosures. The company has directed employees with relevant knowledge to preserve all personal devices, communications and accounts.

   b. State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications:

   N/A

3

    c.    The parties anticipate the need for judicial intervention regarding the following issues concerning the duty to preserve, the scope, or the method(s) of preserving electronically stored Information:

N/A

6. **Search and Review.**

    a.    The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used. Some of the approaches that may be considered include: the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc. To the extent the parties have reached agreement as to search and review methods, provide details below:

The parties will exchange keyword and custodian search lists to generate hit reports and identify potentially relevant documents. To the extent documents that are likely to be relevant have been deleted or archived, the parties will take reasonable efforts to restore and/or retrieve the archived or deleted documents.

    b.    **The parties anticipate the need for judicial intervention regarding the following issues concerning the search and review of electronically stored information:**

N/A.

7.    **Production.**

    a.    *Source(s) of Electronically Stored Information.* **The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents, spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, etc.]:**

Plaintiff(s):

Email, text messages, and any other messaging used by the Defendants, computer files, social media

Defendant(s):

Email, text messages, and any other messaging used by the Defendants, computer files, social media, company databases (including but not limited to personnel files, HR files, calendars), social media

9993125v.1

    b.    ***Limitations on Production.*** **The parties have discussed factors relating to the scope of production, including but not limited to: (i) number of custodians; (ii) identity of custodians; (iii) date ranges for which potentially relevant data will be drawn; (iv) locations of data; (v) timing of productions (including phased discovery or rolling productions); and (vi) electronically stored information in the custody or control of non-parties. To the extent the parties have reached agreements related to any of these factors, describe below:**

Custodians will be limited to past and current employees of the Company. The date range for which potentially relevant documents will be drawn will be within the 2020-2025 time frame. ESI will be produced on a rolling basis. The parties have agreed to meet and confer after discovery requests are exchanged to discuss setting a deadline for the production of ESI.

    c.    ***Form(s) of Production.*** **The parties have discussed and agreed to the following regarding the form(s) of productions (e.g., TIFF, pdf, native, etc.):**

The parties agree to produce ESI in native format or as text searchable PDFs.

    d.    **The parties anticipate the need for judicial intervention regarding the following issues concerning production:**

N/A.

8. **Privileged Material.**

   a. *Identification.* **The parties have discussed and agreed to the following method(s) for identification (e.g., individual logging, categorical logging, etc.) and redaction of privileged documents:**

   The parties have discussed and agreed to categorical and/or metadata logging for the identification and redaction of privileged documents.

   b. *Inadvertent Production / Claw-Back Agreements.* **Pursuant to Fed R. Civ. Proc. 26(b)(5) and F.R.E. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g. "quick-peek" agreements, non-waiver agreements or orders pursuant to F.R.E. 502(d), etc.):**

   Upon written notification from the producing party identifying disclosed privileged and/or confidential material, the receiving party shall (i) not review the disclosed material, (ii) return delete or destroy all copies of the disclosed material within seven days, (iii) take reasonable steps to retrieve the disclosed material if the receiving party disclosed it before being notified, and (iv) make no further use of the disclosed material. The producing party must promptly provide a privilege log for the claimed privileged and/or confidential information.

   c. **The parties have discussed a 502(d) Order. Yes $\underline{X}$; No ___ The provisions of any such proposed Order shall be set forth in a separate document and presented to the Court for its consideration.**

   d. **The parties anticipate the need for judicial intervention regarding the following issues concerning privileged material:**

   N/A.

7

9. **Cost of Production.**

   a. ***Costs:*** **The parties have analyzed their client's data repositories and have estimated the costs associated with production of electronically stored information. The factors and components underlying these costs are estimated as follows:**

   Plaintiff(s):

   To the extent that forensic imaging is necessary, Plaintiff estimates $15,000+ in costs associated with the collection, storage and processing of ESI, which will be done with the assistance of a third-party vendor.

   Defendant(s):

   To the extent that forensic imaging is necessary and depending on the Parties' agreed upon keyword and custodian search lists, Defendant estimates $30,000+ in costs associated with the collection, storage, and processing of ESI, which may necessitate the involvement of third-party vendors.

   b. ***Cost Allocation.*** **The parties have considered cost-shifting or cost-sharing and have reached the following agreements, if any:**

   N/A

    c.    ***Cost Savings.*** The parties have considered cost-saving measures, such as the use of a common electronic discovery vendor or a shared document repository, and have reached the following agreements, if any:

_N/A_

_____

_____

_____

_____

_____

    d.    **The parties anticipate the need for judicial intervention regarding the following issues concerning the costs of production of electronically stored information:**

_N/A._

_____

_____

_____

_____

_____

**10.**    **Other Issues, if any.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

9993125v.1

The preceding constitutes the agreement(s) reached, and disputes existing (if any), between the parties to certain matters concerning electronic discovery as of this date. To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

Party: Plaintiff Alex Thevenet   By: Michael J. Willemin
Party: Defendant Baron Francois Limited   By: Ned H. Bassen
Party: _____   By: _____
Party: _____   By: _____
Party: _____   By: _____
Party: _____   By: _____

The next scheduled meet-and-confer conference to address electronic discovery issues, including the status of electronic discovery and any issues or disputes that have arisen since the last conference or Order, shall take place on_____.

The next scheduled conference with the Court for purposes of updating the Court on electronic discovery issues has been scheduled for _____.

Additional conferences, or written status reports, shall be set for every ___ weeks, as determined by the parties and the Court, based on the complexity of the issues at hand. A joint agenda should be submitted to the Court three (3) business days before such conference indicating the issues to be raised by the parties. The parties may jointly seek to adjourn the conference with the Court no less than 48 hours

9993125v.1

in advance of the scheduled conference, if the parties agree that there are no issues requiring Court intervention.

Dated: July 28 , 20__ SO ORDERED:

 _____
 United States Magistrate Judge

9993125v.1