UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDRE THEVENET,<br><br>     Plaintiff,<br><br>    v.<br><br>BARON FRANCOIS LIMITED, FREDERIC GOOSSENS AND DENIS LESGOURGUES,<br><br>     Defendants. | Case No. 1:25-cv-02790<br><br>**PROTECTIVE ORDER** |

  WHEREAS the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged during the course of discovery in this case;

  WHEREAS, the Parties, through counsel, agree to the following terms;

  WHEREAS, in light of these acknowledgements, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

  IT IS HEREBY ORDERED that any person subject to this Protective Order – including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order – shall adhere to the following terms:

  1.  Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as

"Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing or receiving any given Discovery Material or that person's Counsel may designate as Confidential only such portion of such material as consists of:

(a) previously nondisclosed financial information;

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual such as health or medical information, or personnel records;

(e) information for which applicable law requires confidential treatment; or

(f) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as Confidential by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

4. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order";

or (b) notifying (i) the reporter and all counsel of record, in writing, within thirty (30) days after a deposition has concluded, of the specific exhibits that are to be designated Confidential, in which case the reporter shall so mark the designated exhibits; and/or (ii) all counsel of record and the deponent (directly or through counsel, as applicable), in writing, within 30 days after final receipt of the deposition transcript, of the specific pages and lines of the transcript that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for so marking the copies of the designated transcript. Until service of the deposition transcript by the producing party, the entire deposition transcript will be treated as if it had been designated Confidential.

5. A receiving party may designate as Confidential any document, information, or deposition testimony produced or given by any party or non-party to this case, or any portion thereof. In the case of document production, the receiving party may so designate the material in question at any time prior to the trial of this action. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions and exhibits which are to be marked or otherwise treated as Confidential at any time up to thirty (30) days after the transcript and accompanying exhibits have been served upon the receiving party or their counsel; prior to the expiration of such thirty-day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such materials shall be treated as Confidential.

6. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it previously had produced without limitation should be designated as Confidential, such producing person may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential under the terms of

this Protective Order. If at any time prior to the trial of this action a person realizes that information he/she/it previously designated as Confidential should not be so designated, that person may un-designate it as Confidential by providing written notice to all counsel, and, if the information is deposition testimony, by also providing written notice to the deponent (directly or through counsel, as applicable); whereupon, counsel and/or the deponent or their counsel (as applicable) may designate the material as confidential by following the steps set forth in Paragraph 5. All parties shall continue to treat information previously designated as Confidential as such for thirty (30) days following notification of de-designation.

7.   No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

  a.  the Parties to this action, their insurers, and counsel to their insurers;

  b.  counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

  c.  outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

  d.  any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  e.  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

      f.    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      g.    any person retained by a Party to serve as an expert or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      h.    any officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer including any person engaged to transcribe depositions conducted in this action; and

      i.    this Court, including any appellate court, and the court reporters and support personnel for the same.

8.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f) or 7(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms.  Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.    Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court.

10.    Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon

counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court.

11. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

12. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

13. All persons seeking to file redacted documents or documents under seal with the Court shall follow the Appendix to this Court's Individual Practices in Civil Cases. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

14. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

15. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

16. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or destroyed.

SO STIPULATED AND AGREED.

For Plaintiff: _____       For Defendants */s/ Travis D. Hoehn*

Dated: October 16, 2025                          Dated: October 16, 2025


New York, New York

SO ORDERED:

10/16/2025 _____

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEXANDRE THEVENET,<br><br>                    Plaintiff,<br><br>v.<br><br>BARON FRANCOIS LIMITED, FREDERIC GOOSSENS AND DENIS LESGOURGUES,<br><br>                    Defendants. | Case No. 1:25-cv-02790<br><br>**NON-DISCLOSURE AGREEMENT** |

      I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____                                _____